BAKER AND RANNELLS, PA
Jason L. DeFrancesco, 099602018
John M. Rannells, 011871987
92 East Main St., Ste 302
Somerville, NJ 08876
(908) 722-5640

Attorneys for Plaintiff
Tekno Products, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEKNO PRODUCTS, INC.,<br><br>            Plaintiff,<br><br>v.<br><br><br>GLOVE TRENDS INC.; ALICE SEVAN OHANIAN, INDIVIDUALLY; ARA OHANIAN a/k/a AARON OHAN a/k/a ARA HOANIAN a/k/a ARA OHARIAN a/k/a ARA OHAONINA, INDIVIDUALLY AND d/b/a WWW.HONEYBADGERGLOVES.COM; UNKNOWN WEBSITES 1-10; VARIOUS JOHN DOES 1-10, AND UNKNOWN ENTITIES 1-10,<br><br>            Defendants. | CIVIL ACTION NO.: 2:19-cv-91<br><br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, COPYRIGHT INFRINGEMENT, FALSE MARKING, TRADE LIBEL, UNFAIR COMPETITION AND UNJUST ENRICHMENT |

Plaintiff Tekno Products Inc. ("Tekno"), through

its attorneys, sues defendants named above and says:

1

## STATEMENT OF THE CASE

This is a suit by Tekno against Defendants GLOVE TRENDS INC.; Alice Sevan Ohanian, individually; Ara Ohanian a/k/a Aaron Ohan a/k/a Ara Hoanian; a/k/a Ruth Weatherby; a/k/a Jon Fazian; a/k/a "BruceHThomas"; a/k/a "freeze1111"; a/k/a "Spicionly79" (collectively referred to as "Ohanian"), individually and doing business as www.honeybadgergloves.com, Unknown Websites 1-10; Unknown John Does 1-10, and Unknown Entities 1-10 for permanent injunctions, damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees and costs from defendants for its willful and malicious acts. Namely, Defendants are being sued by Tekno as a result of Defendants' sale, offers for sale, distribution, promotion and advertisement of gloves using Tekno's trademark, trade dress and copyright. Further, Defendants have made false statements in commerce about Tekno to intentionally damage the reputation of Tekno and its business for Defendant's own gain. Defendants

2

have also made false statement in commerce as to
intellectual property rights to unfairly compete with
Tekno in the marketplace. As set forth below, the
unlawful acts of Defendants constitute trademark
infringement, copyright infringement, false designation
of origin, false marking, trade libel, unfair
competition and unjust enrichment under Federal and New
Jersey common law.

### SUBJECT MATTER JURISDICTION AND VENUE

### Subject Matter Jurisdiction

1.   This Court has jurisdiction under 17 U.S.C.
§101 et seq.; 28 U.S.C. §1331(federal question); and 28
U.S.C. §1338(a) (copyright and trademark). This Court
has jurisdiction over infringement claims and claims
for trademark infringement under 15 U.S. Code § 1121(a)
and unfair competition asserted in this action pursuant
to 28 U.S.C. § 1338(b).

2.   This Court has supplemental jurisdiction over
the claims in the Complaint that arise under the
statutory and common law of the State of New Jersey

pursuant to 28 U.S.C § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## **Venue**

3.   Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b), 28 U.S. Code § 1332 and/or § 1400(a) because a substantial part of the events of omissions giving rise to the claims asserted herein occurred within this District and were directed to this District. Furthermore, venue is proper in New Jersey because the co-defendant Glove Trends Inc is a corporation in Nevada and co-defendant, Alice Sevan Ohanian is a resident and citizen of Canada, whereby this court is convenient as being between Nevada, Canada and Georgia (a purported location of defendant, Ara Ohanian, who is a Canadian citizen) and there is no adequate alternative forum to hear the case (Fed. R. Civ. P. 4(k)(2)).

## PARTIES AND JURISDICTION

4.   Tekno is a corporation organized and existing under the laws of the State of New Jersey, having an office and principal place of business at 201 NJ-17, Ste. 603, Rutherford, NJ 07070. Tekno is co-owned by father and son, Nick and Jeff Kurani, respectively. Tekno conducts business in this District.

5.   Upon information and belief, Ohanian is a citizen of Canada with at least one address in the United States at 3515 Pleasantdale Rd, Apartment 249, Doraville, GA 30340 or 1227 Holcombs Pond Ct, Alpharetta, GA, 30022. Ohanian has several alias names including but not limited to Aaron Ohan, Ara Hoanian, Ara Oharian and Ara Ohaonina. He is a purported co-inventor and co-owner of US Patent application no. 15/447,141 for a "Digging Glove" filed with the USPTO on March 2, 2017. Upon information and belief, Ohanian actively conducts business throughout the United States on behalf of himself and aliases through the Internet,

tradeshows, retail, etc. in and directed to this District.

6.   Upon information and belief, Alice Sevan Ohanian is a resident and citizen of Canada, having an address at 12175 Avenue De Poutrincourt #1, Montreal Quebec H3M2A8 ("Alice Sevan"). Alice Sevan is a purported co-inventor and co-owner of US Patent application no. 15/447,141 for a "Digging Glove" filed March 2, 2017. Whereby Alice Sevan conspired with Ohanian to commit the acts complained herein that concern and relate to allegations that concern of relate to a purported "pending patent" application.

7.   Ohanian has committed the acts complained of herein in this District. Ohanian knew his wrongful acts would have a devastating impact upon Tekno - who Ohanian knew to be located and operating its business in New Jersey; and Ohanian specifically directed actions against Tekno and its property in this District.

8.   Upon information and belief, Ohanian previously owned and controlled the website <www.gardengenieglove.com> (the "Ohanian Glove Website"). Upon information and belief, the Glove Website has been used to appropriate Tekno's copyright(s) and trademark(s) by using Tekno's video to advertise identical gloves in this District and advertise, distribute, promote, offer for sale and sell gloves bearing GARDEN GENIE mark and/or the unique trade dress of Tekno's gloves within this District, wherein said gloves have further been transported in and/or to this District in packaging copyrighted by Tekno.

9.   Upon information and belief, Ohanian owns and/or controls the website <www.honeybadgergloves.com> (the "Badger Website"). The Badger Website advertises the HONEY BADGER as being "patent pending" and upon information and belief advertises sale and/or offering a glove marked GARDEN GENIE.

10. Upon information and belief GLOVE TRENDS INC. is a Nevada corporation having a registered address at 3064 Silver Sage Dr Ste 150, Carson City, NV 89701-6099. Upon information and belief, GLOVE TRENDS INC is operated and controlled entirely by Ara Ohanian and is an entity and/or alter ego that is used to manufacture, advertise, sell and/or offer for sale infringing GARDEN GENIE gloves as complained herein including but not limited to retail and on-line markets. This Court has jurisdiction over GLOVE TRENDS INC because upon information and belief, said infringing goods are being sold, advertised and put in streams of commerce in this District and directed to this District.

11. Upon information and belief, the Badger Website has been used to advertise, distribute, promote, offer for sale and sell gloves bearing one or more of Tekno's trademarks at the same time making false and derogatory statements in commerce via linked video feeds and blogs which made derogatory statements in commerce purposefully directed to Tekno in New Jersey.

12.  This Court has personal jurisdiction over Alice
Sevan Ohanian because she is identified as a co-owner
and co-inventor of the purported patent application
which Ohanian has claimed as a source of entitlement to
HONEY BADGER and/or GARDEN GENIE, said patent
application being a basis of unfair competition against
Tekno because the application knowingly violated 35 USC
102.  Alice Sevan has applied for rights offered under
US Federal law said application of which is advertised
on goods directed to this District and she is a primary
participant in the alleged action complained of herein
regarding the purported "patent pending" markings.
Alice Sevan has purposefully availed herself to US
District Courts as she approved filing of the subject
patent application knowing it would influence the
market in this District.

13.  This Court has personal jurisdiction over
Ohanian because Ohanian has sold and continues to sell
falsely marked products in this District, and/or in the
streams of commerce with knowledge that said products

would be sold in this District. Upon information and belief, such sales by Ohanian are substantial, continuous, and systematic.

14. This Court has personal jurisdiction over Ohanian because upon information and belief, Ohanian has published several articles on the Internet specifically identifying Tekno, its owners and address located in this District and has cast aspersions upon Tekno with reckless disregard and malice to intentionally harm the business, property and reputation of Tekno in this District. As just one example, Ohanian has falsely quoted a Federal Judge: *Thomas S. Zilly*.

**STATEMENT OF CLAIM**

15. Tekno is a leading innovator and marketer of direct response products and in the business of bringing useful products to the market focusing on needs of individuals and families focusing on useful products related to cookware, toys, light-duty tools, gardening tools, gadgets, household goods and the like.

16. Around 2014, Tekno was looking to bring a gardening product to market that it called GARDEN GENIE. The product consists of a gardening glove having extensions on the finger tips. The concept of the glove has been around since at least the 1940's (for example, US Patent Nos. 2409101, 4149601 and 4867246 to name a few).

17. Upon attending to research and development, Tekno discovered Ohanian alleged to have invented the glove, was advertising and selling the glove under HONEY BADGER trademark, and identified the glove as "patent pending." Tekno wanted to determine what, if anything could be patentable.

18. According to the global crowdfunding platform, KICKSTARTER, Ohanian first disclosed his HONEY BADGER marked glove to the public at least as early as September 15, 2013. See, Exhibit A. According to the KICKSTARTER link, Ohanian has been advertising the glove as "patent pending" since at least as early as

11

September 15, 2013. (There is however no evidence of an application pending or having been filed.)

19. On May 12, 2015, being unaware of any patentable subject matter, any pending patent application or issued patent owned by Ohanian for the HONEY BADGER glove, Tekno via e-mail requested Ohanian contact Tekno to discuss.

20. Ohanian immediately called Tekno on or about May 12 or May 13, 2015 and spoke to Tekno co-owner, Jeff Kurani. During the conversation, Jeff discussed the business of Tekno and advised Ohanian that Tekno was bringing to market the GARDEN GENIE. Jeff Kurani suggested a possible business relationship depending on what sort of inventive matter Ohanian purportedly claimed in and to the HONEY BADGER in his advertising of the glove as "patent pending." Upon conclusion of the conversation, Tekno decided it was not interested in doing business with Ohanian.

21. Ohanian followed-up with numerous calls and e-mails to Tekno on May 14 and 15, 2015 and threatened

legal action because Tekno was not interested in pursuing a business relationship with him. Under reasonable belief and suspicion, on May 15, 2015 after Tekno did not respond to Ohanian's calls and e-mails, Ohanian registered the domain <gardenglovegenie.com> (the "Ohanian Glove Website") knowing GARDEN GENIE was the name for Tekno's glove. Upon information and belief, the purpose of the domain registration was to squat on Tekno's right, urge Tekno to pay him a bounty for the taking and/or to encourage Tekno to reconsider doing business with him.

22.  Ohanian continued sending several unwanted emails, voice messages and calls to Tekno during the remainder of May and through the months of June, July and August 2015 – seeking a relationship with Tekno.

23.  Upon information and belief, sometime in the beginning of 2016, Ohanian became aware Tekno was in fact making, using and selling its GARDEN GENIE glove after he saw Tekno's GARDEN GENIE commercial on the Internet and also saw the on-line marketplace website

selling the GARDEN GENIE glove <www.buygardengenie.com>
- the authorized website which also ran Tekno's
commercial. (Below are screenshots of the website
homepage.)





The image of the two-pairs of gloves in above is the exact image copied and lifted by Ohanian in his previously owned and controlled Ohanian Gloves Website. The lower images, layout and writing are also exact copies of photographs and wording that Ohanian lifted and used in his previously owned and controlled Ohanian Gloves Website.

24.  The GARDEN GENIE gloves are advertised and sold in commerce by Tekno, in this District, and are notably creative and new. The gloves, even absent the name

GARDEN GENIE, are easily recognizable by having a greenish body color with black tips. Below the knuckles defines a crescent shape that continues to expand to the opening of the glove and is in black, with a mark written just below the knuckles in green.

25. Upon information and belief, once Ohanian became aware of the unique glove, the related marketing and advertising for GARDEN GENIE, he purposefully engaged in a malicious campaign against Tekno to prevent others from dealing with Tekno or otherwise to disadvantageously interfere with Tekno's prospective and current relations with others to intentionally harm the business, property and reputation of Tekno, including its GARDEN GENIE mark and unique glove design.

Representative examples include, but are not limited to the following publications on the Internet published by or under the direction of Ohanian (attached as Exhibit B),

16

(i) "How to Steal & Get Away With It Tekno Products – Garden Genie Gloves" published February 29, 2016, <http://spicionly79.hatenablog.com/entry/2016/02/29/002 919>. Under reasonable belief and suspicion, the article was written by Ohanian under the alias "Ruth Weatherby" or under the direction of Ohanian.

The article identifies Tekno owners as "Nick and Jeff Kourani (Americanized names)" to incite racial discourse. It identifies the address of Tekno. It misrepresents that Tekno is being "being pursued for Trademark infringement for infringing on 'Garden Genie' name." It further falsely quotes a judge and court records by stating, that according to "court documents, Judge Thomas S. Zilly put it best when he called [Tekno] 'scoundrels' and ruled in favor of the plaintiffs."

The article further states that "Serial offenders like Jeff & Nick Kourani, owners of Tekno Products Inc. in Jew Jersey Constantly look for products to steal from the defenseless instead of working together for a

mutual cause OR creating something themselves for a change…." The reader is instructed not to buy GARDEN GENIE but purchase HONEY BADGER GLOVES as shown in the following,



(ii) "Piracy Today – Tekno Products – Garden Genie Gloves," published February 26, 2016, <http://adictivomagazine.net/business/piracy-today-tekno-products-garden-genie-gloves/>.

The article appears to be anonymous, but reads similar to above (A) derogating owners of Tekno, identifying its address as further being located in "Jew Jersey" and misquoting a Federal Judge.

18

Additionally, the article suggests there is "a case going on as we speak. Garden Genie Gloves – an infringement of copyrighted property (Property of Honey Badger Garden Gloves) perpetuated by these scoundrels as being sold on As Seen On TV channels." The reader is instructed not to buy GARDEN GENIE but purchase HONEY BADGER GLOVES.

(iii)   "Patent Infringement Notice to the Public," published February 24, 2016, <http://www.jennstaz.com/patent-infringement-notice-to-the-public/>.

Under reasonable belief and suspicion, the article was posted by Ohanian under the alias "Jon Fazian" or under the direction of Ohanian and written by Ohanian under the alias "Ruth Weatherby" or under the direction of Ohanian.

The article reads similar to above (A) and (B) derogating owners of Tekno, identifying its address as further being located in "Jew Jersey" and misquoting a

Federal Judge. The reader is instructed not to buy GARDEN GENIE but purchase HONEY BADGER GLOVES.

For purpose of brevity, Tekno further identifies additional published articles that include same information and nearly identical wording as above:

(iv) "Piracy Today – Tekno Products – Garden Genie Gloves," published February 28, 2016, <https://www.rebelmouse.com/brucehthomas/piracy-today-tekno-products-garden-genie-gloves-1630850/>. Under reasonable belief and suspicion, the article was posted by Ohanian under the alias "BruceHThomas" or under the direction of Ohanian and written by Ohanian under the alias "Ruth Weatherby" or under the direction of Ohanian.

(v) "Patent Infringement Notice to the Public," published February 27, 2016, <https://storify.com/Spicionly79/patent-infringement-notice-to-the-public>. Under reasonable belief and suspicion, the article was posted by Ohanian under the alias "Spicionly79" or under the direction of Ohanian

and written by Ohanian under the alias "Ruth Weatherby" or under the direction of Ohanian.

(vi) "Patent Infringement Notice to the Public," published February 25, 2016, <http://www.homespunexecutive.com/patent-infringement-notice-to-the-public/>. Under reasonable belief and suspicion, the article was posted by Ohanian under the alias "admin" or under the direction of Ohanian and written by Ohanian or under the direction of Ohanian.

(vii)   "Piracy Today – Tekno Products – Garden Genie Gloves," published February 29, 2016, <http://spicionly79.inube.com/blog/4758169/>. Under reasonable belief and suspicion, the article was posted by Ohanian or under the direction of Ohanian and written by Ohanian under the alias "Ruth Weatherby" or under the direction of Ohanian.

26. On March 2, 2016, Tekno filed with the United States Patent and Trademark Office ("USPTO") an application to register GARDEN GENIE as a trademark for "gardening



gloves" US Serial No. 86926814). The image herein is Tekno's specimen showing use of the mark GARDEN GENIE and the unique design.

27. On February 17, 2017, Ohanian published a video on Youtube, claiming that Tekno is "notorious for copyright infringement" and showed Tekno GARDEN GENIE glove which Ohanian then identified as a knock-off.



The woman speaking in the video, by and on behalf of Ohanian, further states that the GARDEN GENIE mark and glove *is owned by Tekno* and that "…the company that puts these ones out actually has some judgments against them, so just be safe, and buy the real HONEY BADGER GLOVES…."



28. On or about April 3, 2017, Ohanian filed with the USPTO an application to register GARDEN GENIE GLOVES as a trademark for *inter alia*, "gardening gloves" (US Serial No. 87395922). Ohanian alleged a date of first use as May 16, 2015 – days after Ohanian found out about Tekno's GARDEN GENIE glove.

29. In support of his trademark application, on October 25, 2017, Ohanian submitted screenshots from

the Ohanian Glove Website <gardenglovegenie.com> which he used to show purported use of the mark GARDEN GENIE GLOVES. Ohanian no longer owns the website and under reasonable belief and suspicion deactivated the site knowing same was in violation of US IP laws, including but not limited to copyright and trademark law.

At or around this time in 2017, Ohanian began selling counterfeit Tekno GARDEN GENIE gloves on this website and on other on-line market websites including but not limited to AMAZON. Below are excerpts Ohanian submitted of his prior website to the USPTO,



Instantly change the way you do all this & more:



Dig holes, seed and plant



Spread and grade topsoil



Rake and clear away debris



The above specimen shows the identical images and gloves used on behalf of Tekno at the authorized website, <www.buygardengenie.com>. Although the Ohanian specimen does not show the video – but just the "play" icon, below is an image of what was playing on the website at the time, i.e., the same video owned by Tekno as published on the Internet and at <www.buygardengenie.com>.  The video and glove, however is sole and exclusive property of Tekno – who owns

pending application for expedited copyright

registration of the video, Case # 1-7279958381 ("Garden

Genie Video", <u>Exhibit C</u>).



30. On September 5, 2017, the GARDEN GENIE mark,

owned by Tekno published for opposition.

31. On November 2, 2017, Ohanian filed a Notice of

Opposition with the USPTO objecting to registration of

GARDEN GENIE to Tekno (Opposition Proceeding No.

91237581, the "Opposition").

32. In the Opposition Ohanian alleges he owns

GARDEN GENIE and that his gloves gained a reputation

for digging *per the pending patent application, US*

*Patent Application No. 15447141, that he co-owns with
Alice Sevan*.

The patent application was filed on March 7, 2017
and published September 6, 2018; however, Ohanian has
been stating in commerce that his digging glove has
been "patent pending" since at least as early as
September 15, 2013 (see above
paragraph no. 18, <u>Exhibit A</u>).



33. On or about November 30,
2017, John Rannells of the
undersigned law firm, Baker and
Rannells, PA, accessed the
Ohanian Glove Website
<www.buygardengenie.com> from New
Jersey in order to review the
advertisement and purchase from
Ohanian what he advertised as the
GARDEN GENIE gloves.  Mr. Rannells subsequently
received a counterfeit copy of Tekno's GARDEN GENIE

gloves contained within the following package (image inserted herein).

34. The box, however is the sole and exclusive property of Tekno – who owns US Copyright Reg. No. VA0002130365 for the same. Tekno has its name printed at the bottom of the packaging however Ohanian covered the "Tekno" by the sticker shown in image herein.



35. The USPTO Opposition was brought on by Ohanian with the sole purpose of continuing his efforts to harass Tekno and interfere with its business. The Opposition remains pending before the USPTO and is currently suspended. Tekno has until mid-February to amend its answer to the Opposition.

36. The USPTO does not have jurisdiction to resolve claims made herein by Tekno for damages that concern and relate to Defendant's actions for copyright infringement, trade libel, trademark infringement, false marking, unfair competition and unjust enrichment

– such that this District Court action shall supersede the USPTO proceeding and in doing so resolve same.

37. In the following, Tekno states its claims for damages sustained by the intentional actions of Defendants and requests the court grant it damages, enhanced damages, legal fees, an injunction and other relief as deemed necessary under the circumstances.

**COUNT I**

**Copyright Infringement (box)**

38. Tekno incorporates all above allegations as if set forth completely herein.

39. Tekno is the exclusive owner of US Copyright Registration No. VA0002130365 which is for its GARDEN GENIE box that includes photograph, 2-D artwork and text.

40. Ohanian has copied the entire box and has used and is using the identical box to transport goods he has sold and continues to sell in US commerce including in this District.

41.  Tekno has never authorized Ohanian to use its copyrighted box or any other packaging.

42.  The foregoing acts of infringement are willful, intentional, and in disregard of and with indifference to the rights of Tekno.

43. As a result of Ohanian's infringement of Tekno's exclusive rights under copyright, Tekno is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

44.  The acts of Ohanian are causing and, unless enjoined and restrained by this Court, will continue to cause Tekno irreparable injury. Tekno has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Tekno is entitled to injunctive relief prohibiting Ohanian from further infringing Tekno's copyright and ordering that he destroys all unauthorized copies of the copyrighted box.

**COUNT II**

**Copyright Infringement (video)**

30

45. Tekno incorporates all above allegations as if set forth completely herein.

46. Tekno is the owner of US Copyright Case No. 1-7279958381 which is for the commercial advertising the GARDEN GENIE glove. The application has been expedited and remains pending. Tekno requests leave to amend once the registration number is provided by the Copyright Office.

47. Ohanian has used the video on the Ohanian Glove Website <gardenglovegenie.com> which he previously owned, in order to advertise the sale of gloves marked GARDEN GENIE. The gloves of which are counterfeit and not authorized by Tekno.

48. Tekno has not authorized Ohanian to use the video. Under reasonable belief and suspicion, Ohanian under the handle "freeze1111" or under direction of Ohanian to someone under the handle, downloaded and copied the video, and saved at least two copies onto the Youtube profile for "freeze1111" (the infringing copies may be viewed at,

31

<https://www.youtube.com/channel/UCEVCOjR1NF5J3Vw_gvy52
fA>; screenshot from today, attached as <u>Exhibit D</u>). The
two copies remain active and published on-line and
constitute an ongoing infringement of Tekno's
copyright.

49. The foregoing acts of infringement are willful,
intentional, and in disregard of and with indifference
to the rights of Tekno.

50. As a result of Ohanian's infringement of
Tekno's exclusive rights under copyright, Tekno is
entitled to relief pursuant to 17 U.S.C. §504 and to
its attorneys' fees and costs pursuant to 17 U.S.C.
§505.

51. The acts of Ohanian are causing and, unless
enjoined and restrained by this Court, will continue to
cause Tekno irreparable injury. Tekno has no adequate
remedy at law. Pursuant to 17 U.S.C. §§502 and 503,
Tekno is entitled to injunctive relief prohibiting
Ohanian from further infringing Tekno's copyright.

## COUNT III

## False Marking

52. Tekno incorporates all above allegations as if set forth completely the same herein. 35 U.S.C. § 292(b) provides that any person may sue for civil money penalties for false patent marking.

53. Ohanian marking his product as "patent pending" has created consumer goodwill by suggesting his product is innovative and that the design is his valuable property. This was done with intent to deceive the public. (Notably, Ohanian has alleged in the Opposition that he gained a reputation for his digging glove per his pending US Patent Application No. 15447141.)

54. Upon information and belief, Ohanian did not have a patent pending prior to March 7, 2017 (the filing date of US Patent Application No. 15447141) although he represented having a "patent pending" since at least as early as September 2013.

55. Upon information and belief, Ohanian and Alice Seven did not knowingly invent the subject matter of

application serial no. 15447141 but represented same
with the sole purpose and intent to deceive the USPTO
and the public. Ohanian and Alice Seven knew the
application was well-beyond the year deadline yet still
filed the application to gain a competitive advantage
in the marketplace knowing there was no patent
protection available.

56. To the extent Ohanian had a "patent pending" or
was co-owner to a "patent pending" prior to March 7,
2017, said application(s) abandoned and/or any
continued claim to patentability by Ohanian and Alice
Seven is without any basis because the purported glove
(alleged to be infringed by Tekno) was disclosed by
Ohanian more than three years prior. Because 35 U.S.C.
102 requires applications for patent be filed within
one year of public disclosure the purported patent
application is void and solely with intent to deceive
the public and unfairly compete in the market including
to unfairly compete with Tekno.

57. Upon information and belief, GLOVE TRENDS, INC. manufactures the gloves by and/or on behalf of Ohanian that include the term "patent pending."  Patent False Marking includes marking an article as "Patent Pending" or "Pat. Pend." when no patent is legally pending and is statutorily prohibited under 35 U.S.C. § 292. Tekno seeks an award of monetary damages against Ohanian, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT IV

### New Jersey trade libel; Commercial disparagement, N.J.S.A. 2A:14

58. Tekno incorporates all above allegations as if set forth completely herein.

59. Ohanian has made false statements about Tekno that include lawsuits, judgments and statements reportedly made about Tekno, its owners' origin, and the fact that a Federal Judge has referred to Tekno and/or its owners as "scoundrels." E.g., Exhibit B.

60. The false statements were made over the Internet via video and articles specifically directed at Tekno, its owner's ethnicity, and were directed to Tekno located in New Jersey (referenced by Ohanian as "Jew Jersey").

61. The false statements are derogatory and disparaging to Tekno, its GARDEN GENIE mark and its unique glove design and are of a kind that is calculated to prevent others from dealing with Tekno or otherwise to disadvantageously interfere with Tekno's relations with others.

62. The aspersions cast upon Tekno's business operation are known by Ohanian to be false, negligent and made with malice to intentionally harm the business, property and reputation of Tekno, including its GARDEN GENIE mark and unique glove design.

63. While Tekno has been able to remove much of the hateful representations, the video referenced in paragraph 27 remains public as does the posting at <http://www.homespunexecutive.com/patent-infringement-

notice-to-the-public/> which, like the other published matters, falsely states remarks from the Federal Judiciary among other things.

64. The interference by Ohanian is malicious, disturbs prospective advantage and caused Tekno special damages in an amount to be proven at trial.

### COUNT V

### Unfair Competition and False Designation of Origin

### 15 U.S.C. § 1125(a)

65. Tekno incorporates all above allegations as if set forth completely herein.

66. Tekno owns common law trademark rights in and to the mark GARDEN GENIE for gardening gloves. The GARDEN GENIE mark has been in continuous use in interstate commerce by Tekno prior to any date which can be legally claimed by Ohanian. Tekno's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Tekno's efforts of promoting its goodwill and reputation in the relevant marketplace.

37

67. Tekno owns common law trademark rights to its unique gardening glove recognizable by having a greenish body color with black tips. Below the knuckles defines a crescent shape that continues to expand to the opening of the glove and is in black with the name of the glove written just below the knuckles in green. The glove has been in continuous use in interstate commerce by Tekno prior to any date which can be legally claimed by Ohanian. The mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Tekno's efforts of promoting its goodwill and reputation in the relevant marketplace.

68. Ohanian and Glove Trends, Inc. knowingly and willfully has and continues to advertise and sell (i) gloves marked GARDEN GENIE and/or (ii) gloves which are identical to the unique design owned by Tekno without authorization by Tekno in the State of New Jersey, and across numerous other states where Tekno, Glove Trends, Inc. and Ohanian conduct business.

69. Use by Ohanian and Glove Trends, Inc. of (i) the GARDEN GENIE mark and/or (ii) the unique design in commerce is likely to cause confusion and has caused confusion, in the marketplace misleading the public into thinking Ohanian's unauthorized use is somehow associated with Tekno, causing competitive injury to Tekno, its GARDEN GENIE mark and glove.

70. Acts of Ohanian and Glove Trends, Inc. as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the services of defendant, and otherwise constitute infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

71. As a direct and proximate result of Ohanian and Glove Trends, Inc. acts, Tekno has suffered injury, including irreparable injury, and damages, including

lost profits, reasonable royalties, and other damages in an amount to be determined at trial.

### COUNT VI

### Trademark Infringement, NJ State;

### Unfair Competition, N.J.S.A. § 56:4-1

72. Tekno incorporates all above allegations as if set forth completely herein.

73. Tekno owns common law trademark rights in and to the mark GARDEN GENIE for gardening gloves. The GARDEN GENIE mark has been in continuous use in interstate commerce by Tekno prior to any date which can be legally claimed by Ohanian. Tekno's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Tekno's efforts of promoting its goodwill and reputation in the relevant marketplace.

74. Tekno owns common law trademark rights to its unique gardening glove recognizable by having a greenish body color with black tips. Below the knuckles defines a crescent shape that continues to expand to

the opening of the glove and is in black with the name of the glove written just below the knuckles in green. The glove has been in continuous use in interstate commerce by Tekno prior to any date which can be legally claimed by Ohanian. Tekno's mark is distinctive by virtue of inherent distinctiveness and/or the acquired distinctiveness in the mark, through Tekno's efforts of promoting its goodwill and reputation in the relevant marketplace.

75. Ohanian and Glove Trends, Inc. knowingly and willfully have and continue to advertise and sell (i) gloves marked GARDEN GENIE and (ii) gloves which are identical to the unique design owned by Tekno without authorization by Tekno in the State of New Jersey, and across numerous other states where Tekno, Glove Trends, Inc. and Ohanian conduct business.

76. Use by Ohanian and Glove Trends, Inc. of (i) the GARDEN GENIE mark and/or (ii) the unique design in commerce is likely to cause confusion and has caused confusion, in the marketplace misleading the public

41

into thinking Ohanian's and Glove Trends, Inc.'s unauthorized use is somehow associated with Tekno, causing competitive injury to Tekno, its GARDEN GENIE mark and glove.

77. On information and belief, Ohanian and Glove Trends, Inc. acted with knowledge of Tekno's ownership of (i) GARDEN GENIE and (ii) its glove design and with deliberate intention or willful blindness to unfairly benefit from the goodwill associated with same.

78. Ohanian and Glove Trends, Inc.'s acts constitute trademark infringement and unfair competition in violation of the common law of New Jersey.

79. On information and belief, Ohanian and Glove Trends, Inc. have made and will continue to make substantial profits and gains to which either is not in law or equity entitled.

80. On information and belief, Ohanian and Glove Trends, Inc. will continue infringing acts, unless restrained by this Court.

81. Ohanian and Glove Trends, Inc.'s acts have damaged and will continue to damage Tekno, and Tekno has no adequate remedy at law.

82. The conduct herein complained of was extreme and was inflicted on Tekno in reckless disregard for its rights. The conduct was in bad faith, harmful to Tekno, and as such supports an award of exemplary and punitive damages in an amount sufficient to punish Ohanian and deter such conduct in the future.

83. Ohanian and Glove Trends, Inc.'s appropriation and actual use in connection with counterfeit goods of Tekno's trademark (i) GARDEN GENIE and (ii) glove design and the goodwill and reputation associated therewith and attached thereto, including filing a patent application by he and Alice Sevan, knowing neither are entitled to any protection (but having competing gloves marked as "patent pending") constitutes unfair competition in violation of N.J.S.A. 56:4-1, et seq.

84. In light of the foregoing, Tekno is entitled to injunctive relief prohibiting Ohanian from infringing the GARDEN GENIE mark and glove design, and to recover all damages, including attorneys' fees, that Tekno has sustained and will sustain, and all gains, profits, and advantages obtained by Ohanian and Glove Trends, Inc. as a result of his infringing acts alleged above in an amount not yet known, and the costs of this action.

## COUNT VII

### Unjust Enrichment

85. Tekno re-alleges every allegation in the preceding paragraphs.

86. The acts complained of above constitute unjust enrichment of Ohanian, Glove Trends, Inc. and Alice Sevan at the expense of Tekno in violation of the common law of the State of New Jersey.


**WHEREFORE,** Plaintiff demands a trial by jury and requests that the Court enter judgment as follows:

(a) Enter judgment against Ohanian in favor of Tekno for the violations alleged in this Complaint;

(b) Compelling Ohanian to account to Tekno for any and all profits derived by Tekno as a result of its infringing acts;

(c) Award Tekno all damages sustained by it as a result of Ohanian's wrongful acts and all profits realized by Ohanian due to its wrongful acts, pursuant to 17 U.S.C. §504(b);

(d) At Tekno's election, awarding statutory damages in the maximum amount against Tekno for infringement of Tekno's copyright, pursuant to 17 U.S.C. §504(c);

(e) Award attorneys' fees and costs pursuant to 17 U.S.C. §505;

(f) Directing Ohanian to pay over to Tekno its costs, disbursements and reasonable attorneys' fees and expenses, together with pre-judgment interest incurred by Tekno in relation to

trying to resolve the trade libel, in relation
to defending the meritless Opposition and in
bringing this instant action;

(g) For a preliminary and permanent injunction,
restraining Ohanian and its affiliates,
divisions, officers, directors, principals,
servants, employees, successors and assigns,
and all those in active concert or
participation with it from:

  i. Directly or indirectly infringing in any
     manner Tekno's copyrights; and

  ii. From causing, contributing to, enabling,
      facilitating, or participating in the
      infringement of Tekno's copyrights or
      other exclusive rights, including
      without limitation, copyrights or
      exclusive rights in Tekno's Copyrighted
      Work;

(h) Order Ohanian and Glove Trends, Inc. to pay a
civil monetary fine of up to five hundred

dollars ($500) per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

(i) Order Ohanian and Glove Trends, Inc. to pay discretionary costs and prejudgment interest;

(j) Award attorney's fees to Tekno pursuant to 35 USC § 285;

(k) Order an accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(l) Order Ohanian and Glove Trends, Inc. including all agents, officers, employees, representatives, Successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Ohanian or in concert or participation with Ohanian, and each of them, be enjoined from:

47

a. advertising, marketing, promoting, offering for sale, distributing, or selling an infringing and counterfeit glove;

b. using an infringing glove and/or design on or in connection with any of Tekno's goods;

c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Tekno's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Tekno's trademarks, trade dresses, names, or logos; and,

e. using any trademark, name, logo, design, or source designation of any kind on or in connection with Tekno's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Tekno, or are sponsored or authorized by Tekno, or are in any way connected or related to Tekno;

48

(m)  Ohanian and Glove Trends, Inc. be ordered to
     cease offering for sale, marketing, promoting,
     and selling and to recall all infringing goods,
     or any other goods bearing the Tekno mark or
     trade dress or any  other a confusingly similar
     imitation thereof that is in Ohanian and/or
     Glove Trends, Inc.'s possession or has been
     shipped by Ohanian or Glove Trends, Inc. or
     under their authority, to any customer,
     including, but not limited to, any wholesaler,
     distributor, retailer, consignor, or marketer,
     and also to deliver to each such store or
     customer a copy of this Court's order as it
     relates to said injunctive relief against
     Ohanian, including posting same on any and all
     website and media owned or controlled by
     Ohanian including but not limited to Facebook;

(n)  Ohanian and Glove Trends, Inc. be ordered to
     deliver up for impoundment and for destruction,
     all gloves,

bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Ohanian that are found to adopt or infringe any of Tekno's trademarks or that otherwise unfairly compete with Tekno and its products;

(o) Ohanian and Glove Trends, Inc. be compelled to account to Tekno for any and all profits derived by Ohanian and Glove Trends, Inc. from the sale or distribution of the infringing gloves;

(p) Retaining jurisdiction of this action in this Court for the purpose of enabling Tekno to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of such order, for the enforcement

or compliance therewith, and for the punishment

of any violation thereof;

(q) Require Ohanian remove any and all disparaging

and libel material that is published and

include a public statement from Ohanian that

the judiciary did not call Tekno "scoundrels;"

(r) Require Ohanian to publish on his website, and

anywhere else he mentions GARDEN GENIE, to

state that GARDEN GENIE is sole property of

Tekno Products, Inc. and that any prior

statement made against GARDEN GENIE are false

and that this statement has been ordered by a

Federal Court;

(s) That Tekno be awarded special damages based on

trade libel committed intentionally by Ohanian

against Tekno;

(t) That Ohanian, Glove Trends, Inc. and Alice

Sevan unjustly enriched themselves and that

Tekno be awarded damages arising out of the

unjust enrichment;

(u)  A determination that Ohanian and Glove Trends,
     Inc. violated 35 U.S.C. §292 by falsely marking
     articles as "patent pending";

(v)  An order finding that Ohanian falsely marked
     his products along with Alice Sevan in an
     amount which is reasonable in light of the
     total revenue and gross profit derived from the
     sale of falsely marked goods and the degree of
     intent to falsely mark which is proven, with
     half of the fine going to the use of the United
     States and the other half going to Tekno;

(w)  An order preliminarily and permanently
     enjoining Ohanian, Glove Trends, Inc. and Alice
     Sevan and all of its officers, agents,
     servants, employee, contractors, suppliers, and
     attorneys, and all other persons who are in
     active concert or participation with them or
     who receive actual notice of the order by
     personal service or otherwise, from committing
     new acts of false patent marking and ceasing

all existing acts of false patent marking within 90 days;

(x) That Tekno asks this Court to enter judgment in favor of it finding that Defendants violated the Lanham Act;

(y) Enjoining Ohanian and Glove Trends, Inc. from making false and misleading descriptions of fact to potential customers and to the consuming public;

(z) Awarding prejudgment interest and costs;

(aa) Finding this to be an exceptional case and awarding reasonable attorneys' fees to Tekno;

(bb) Based on Ohanian and Glove Trends, Inc.'s willful and deliberate infringement, and to deter such conduct in the future, Tekno requests punitive damages including prejudgment and post-judgment interest on all monetary awards;

(cc) Grant Tekno such other and further relief, at law or in equity, to which Tekno is justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues permitted to be tried by jury.

/S/ Jason DeFrancesco

BAKER AND RANNELLS, PA
Jason Lee DeFrancesco
92 East Main St., Ste 302
Somerville, NJ 08876
(908) 722-5640

Attorneys for Plaintiff
Tekno Products, Inc.